UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                    :
NIGHT OF THE TEMPLAR, LLC         :
                                                    :     CASE NOS. 1:13-CV-396
                          *Plaintiff*,             :
                                                    :
vs.                                                :     OPINION & ORDER
                                                    :     [Resolving Doc. No. 4]
DOES 1-25,                                    :
                                                    :
                          *Defendants.*          :
                                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       In February 2013, Plaintiff Night of the Templar, LLC ("Templar") filed this lawsuit against

25 unnamed defendants.[1/]  Plaintiff alleges that the John Doe defendants infringed Plaintiff's

copyright by using the internet-based file sharing protocol BitTorrent to pirate Plaintiffs' movie.[2/]

For the following reasons, this Court finds *sua sponte* that Plaintiff improperly joined Defendants,

and thus SEVERS the claims against all Defendants.  Plaintiff is directed to refile its claim against

the other defendants separately and to pay the appropriate filing fees for each action.  Finally,

Plaintiff's motion for leave to take discovery is DENIED AS MOOT.

                                   I. Background

A. Factual Background

_____

       [1/] *See* Doc. 1
       [2/] *Id.* at 2-3.

Case Nos. 1:13-CV-396
Gwin, J.

Plaintiff alleges that Defendants violated U.S. copyright law by using BitTorrent to download the movie.[3] BitTorrent is a program that enables users to share files via the internet.[4] Unlike other "peer-to-peer" (P2P) file sharing networks that transfer files between users or between a user and a central computer server, BitTorrent allows for decentralized file sharing between individual users who exchange small segments of a file between one another until the entire file has been downloaded by each user.[5] Each user that either uploads or downloads a file segment is known as a "peer."[6] Peers that have the entire file are known as "seeds."[7] Other peers, known as "leeches" can simultaneously download and upload the pieces of the shared file until they have downloaded the entire file to become seeds.[8]

Groups of peers that download and upload the same file during a given period are known as a "swarm," with each peer being identified by a unique series of alphanumeric characters known as a "hashtag" that is attached to each piece of the file.[9] The swarm's members are relatively anonymous, as each participant is identifiable only by her Internet Provider (IP) address.[10] Overseeing and coordinating the entire process is a computer or a server known as a "tracker" that

---

[3] *Id.*

[4] *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1151 (N.D. Cal. 2011).

[5] *Id.*

[6] *Id.*

[7] *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 167 (S.D.N.Y. 2012), *see also* BitTorrent, Glossary, http://www.bittorrent.com/help/manual/glossary (last visited March 19, 2013).

[8] *Next Phase Distribution*, 284 F.R.D. at 167, *see also* BitTorrent, Glossary, http://www.bittorrent.com/help/manual/glossary (last visited March 19, 2013).

[9] *Next Phase Distribution*, 284 F.R.D. at 167.

[10] IP addresses are defined as " a series of numbers that are used to specify the address of a particular machine connected to the Internet." *See Io Group, Inc. v. Veoh Networks, Inc.*, 586 F. Supp. 2d 1132, 1145 (N.D. Cal. 2008) (citing *Columbia Ins. Co. v.seescandy.com*, 185 F.R.D. 573, 575 (N.D.Cal.1999)).

Case Nos.  1:13-CV-396
Gwin, J.

maintains a record of which peers in a swarm have which files at a given time.[11]  In order to increase

the likelihood of a successful download, any portion of the file downloaded by a peer is available

to subsequent peers in the swarm so long as the peer remains online.[12]

But BitTorrent is not one large monolith.  BitTorrent is a computer protocol, used by various

software programs known as "clients" to engage in electronic file-sharing.[13]  Clients are software

programs that connect peers to one another and distributes data among the peers.[14]  But a peer's

involvement in a swarm does not end with a successful download.  Instead, the BitTorrent client

distributes data until the peer manually disconnects from the swarm.[15]  It is only then that a given

peer no longer participates in a given BitTorrent swarm.

*B. Procedural History*

In February 2013, Plaintiff filed a lawsuit against 25 John Doe defendants.[16]  Plaintiff alleges

that by acting in concert via BitTorrent, Defendants infringed on Plaintiff's intellectual property

rights by downloading a movie entitled "*Night of the Templar*".[17]  Plaintiff justifies joinder of the

unnamed defendants because the defendants participated in one "swarm" in downloading the

copyrighted material.[18]  On March 26, 2013,  Plaintiff filed a motion for leave to take discovery prior

to the Rule 26 conference in order to learn the identities of Defendants from various Internet Service

---

[11]*Hard Drive Productions*, 809 F. Supp. 2d at 1152.  *see also*  BitTorrent, Glossary,
http://www.bittorrent.com/help/manual/glossary (last visited March 19, 2013).

[12]Doc. 4 at 4.

[13]*Patrick Collins, Inc. v. John Does 1-21*, 284 F.R.D. 161, 164 (E.D. Mich. 2012).

[14]*Hard Drive Productions*, 809 F. Supp. 2d at 1152.

[15]*Id.*

[16]*See* Doc. 1

[17]*Id.* at 2-3.

[18]*Id.*

Case Nos.  1:13-CV-396
Gwin, J.

Providers (ISPs).[19]  In that motion, Plaintiff alleges that joinder is proper, arguing that the unnamed

defendants all took part in the same series of factual transactions.[20]

*C. Litigation Involving BitTorrent*

Because IP addresses are the only identifiers of peers within a BitTorrent system, it is

difficult, if not impossible, to learn the true identities of the peers in a swarm.[21]  To pursue litigation,

plaintiffs in BitTorrent suits must attempt to get early discovery to learn of the actual identities of

the unnamed defendants.[22]  The requests have been the subject of much criticism, for the lawsuits

are rarely litigated.  Rather, plaintiffs often seek to take advantage of the resources of federal courts

to force small, individual settlements.[23]

II. Analysis

*A. Legal Standard*

Federal Rule of Civil Procedure 20(a)(2) allows defendants to be joined together in an action

if "any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or

series of transactions  and occurrences *and* any question of law or fact common to all defendants will

---

[19]/Doc. 4.

[20]/*Id.* at 11-12.

[21]/*Id.* at 7.

[22]/  Sean Karunaratne, *The Case Against Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits*, 111 Mich. L. Rev. 283, 291 (2012). Legitimate reasons for expediting discovery do exist however, because ISPs often routinely delete IP address data as a normal part of industry practice.  *See* Doc. 4 at 16; *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 242 (S.D.N.Y.2012).

[23]/*Id.* at 303-304; Porn Companies File Mass Piracy Lawsuits: Are You at Risk? U.S. News and World Report (Feb. 2, 2012) (stating that defendants are given the option to settle for an amount around $5000 or face steep statutory damages); Jason R. LaFond, *Personal Jurisdiction and Joinder in Mass Copyright Troll Litigation*, 71 Md. L. Rev. Endnotes 51, 52 (2012) ("Defendants will simply pay the settlement demanded by the plaintiff, with no knowledge of their rights."); *Third Degree Films v. Does 1-47*, 286 F.R.D. 188, 190 (D. Mass. 2012) (finding that despite defendants' participation in the same transaction, joinder was nevertheless improper because " it appears that . . . film companies may be misusing the subpoena powers of the court, seeking the identities of the Doe defendants solely to facilitate demand letters and coerce settlement"); *but see Malibu Media, LLC v. John Does 1-5*, 285 F.R.D. 273 (S.D.N.Y. 2012) (holding that joinder is permissible where no evidence of coercive practices exist).

-4-

Case Nos.  1:13-CV-396
Gwin, J.

arise in the action."[24]   In considering joinder, the Court operates with considerable discretion, weighing the Rule 20 factors and the interests of fundamental fairness.[25]   In determining the propriety of joinder, the Court analyzes the complaint and then determines whether the Plaintiff's allegations satisfy the requirements of Rule 20.[26]   Courts also consider whether severance would lessen confusion for the fact-finder or parties, an issue this Court would do well to consider given the number of unnamed defendants.[27]

*B. Rule 20 Factors*

Plaintiff has not alleged facts to support the joinder of the 25 John Doe Defendants based on the Rule 20 factors.  As noted above, Rule 20 requires that the rights asserted against defendants arise out of the same factual transaction, and that any question of law or fact common to all defendants will arise in the action.  Courts are split on the issue of joinder in BitTorrent copyright litigation, with some finding it proper in certain circumstances,[28] and others not[29].   For the reasons

---

[24] Fed. R. Civ. P. 20(a)(2) (emphasis added).

[25] *Kuechle v. Bishop*, 64 F.R.D. 179, 180 (N.D. Ohio 1974).

[26] *Id.*

[27] *Third Degree Films v. Does 1-131*, 280 F.R.D. 493, 496 (D. Ariz. 2012); *Chavez v. Illinois State Police*, 251 F. 3d 612, 632 (7th Cir. 2001); *On the Cheap, LLC v. John Does 1-5011*, 280 F.R.D. 500 (N.D. California 2011).

[28] *Pac. Century Int'l v. Does 1-31*, No. 11 C 9064, 2012 WL 2129003, at *2 (N.D.Ill. June 12, 2012); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 244 (S.D.N.Y.2012) (declining to sever where "the Doe Defendants were trading the exact same file as part of the same swarm"); *Patrick Collins, Inc. v. Does 1-15*, No. 11-cv-02164-CMA-MJW, 2012 WL 415436, at *2-*4 (D.Colo. 2012); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp.2d 332, 342-43 (D.D.C.2011); *W. Coast Prod., Inc. v. Does 1-5829*, 275 F.R.D. 9, 15-16 (D.D.C.2011); *K-Beech, Inc. v. Does 1-57*, No. 2:11-cv-358-Ftm-36SPC, 2011 WL 5597303, at *5-*7 (M.D.Fla. 2011), *Hard Drive Prods., Inc. v. Does 1-55*, No. 11 C 2798, 2011 WL 4889094, at *5 (N.D.Ill. 2011).

[29] *SBO Pictures, Inc. v. Does 1-57*, 2012 WL 1415523, at *2 (D. Md. Apr. 20, 2012) (denying joinder and stating that "the better-reasoned decisions have held that where a plaintiff has not plead[ed] that any defendant shared file pieces directly with one another, the first prong of the permissive joinder is not satisfied**");** *Patrick Collins, Inc. v. Does 1-3757*, 2011 WL 5368874 (N.D.Cal. 2011) ("while the courts favor settlements, filing one mass action in order to identify hundreds of doe defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules were established for.") *See also Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1164 (N.D.Cal.2011);  *Arista Records, LLC v. Does 1-11*, 2008 WL 4823160 (2008).

Case Nos.  1:13-CV-396
Gwin, J.

below, this Court adopts the latter approach.

Plaintiff's complaint says "every John Doe infringer, in concert with its John Doe swarm members, is allowing others to steal" and that "each John Doe acts in an interactive manner with other John Does."[30]  Despite Plaintiff's statements, it is not at all clear that Defendants were part of the same transaction or occurrence.  "Merely alleging that the Doe defendants all used the same file-sharing protocol, BitTorrent, to conduct copyright infringement of Plaintiff's film without any indication that they acted in concert fails to satisfy the arising out of the . . . same series of transactions or occurrences requirement."[31]  Furthermore, a defendant's participation in a swarm does not mean that the defendant is always present and active in the swarm.[32]  Plaintiff's IP address exhibits indicate that Defendants accessed the swarm at different times, on different days, using different BitTorrent clients.[33]  This suggests that Defendants were not wrapped up in a single factual occurrence.[34]

Beyond the joinder analysis, this Court is unconvinced that Plaintiff has even pleaded a *prima facie* case of copyright infringement.[35]  Here, Plaintiff provided only an IP address snapshot, and seeks to use that information alone to justify their motion for discovery.  Given the nature of BitTorrent protocols, an individual could access the swarm, download a small piece of the

_____

[30]/Doc. 1 at 4.

[31]/*Hard Drive Productions,* 809 F. Supp. 2d at 1163.

[32]/*Id.* at 1152, 1164

[33]/According to Doc. 1-3, various BitTorrent clients were used, including BitTorrent, μTorrent, Vuze and BitComet.

[34]/*Id.*

[35]/See *Feist Publications, Inc. v. Rural Telephone Serv. Co. Inc.,* 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. . . . Certainly, the raw data *does not satisfy* the originality requirement.") (emphasis added). Even beyond the issue of joinder, this Court would hesitate to subpoena the ISPs without further information regarding Defendants' alleged conduct.

Case Nos.  1:13-CV-396
Gwin, J.

copyrighted material that could be useless, and then leave the swarm without ever completing the download.  Consider Plaintiff's complaint, which states: "Eventually, once the initial propagator has distributed each piece of the file to at least one other infringer, so that together the pieces downloaded by members of the swarm comprise the whole Motion Picture when reassembled, the initial propagator may leave the swarm."[36]  To this end, the mere indication of participation weakly supports Plaintiff's conclusions.

In sum, participation in a specific swarm is too imprecise a factor absent additional information relating to the alleged copyright infringement to support joinder under Rule 20(a).

## C.  Other factors

Even if Plaintiff could meet the Rule 20(a)(2) factors for permissive joinder, this Court would nevertheless sever Defendants because joinder would otherwise deprive the Court of a just result.  Permitting joinder of the unnamed defendants violates a sense of fairness,[37] as each unnamed defendant might have different defenses to the suit, necessitating a mini-trial to fully present each defendant's specific evidence.[38]  In addition, joinder of dozens of defendants would extend trial proceedings and could serve to confuse the fact-finder.  It is hard to imagine how dozens of defendants, most likely unfamiliar with civil litigation, would be able to appreciate their procedural rights in such a trial.

Courts have been troubled by what amounts to be a new business model employed by production companies "misusing the subpoena powers of the court, seeking the identities of the Doe defendants solely to facilitate demand letters and coerce settlement, rather than ultimately serve

---

[36]/Doc. 1 at 10.

[37]/*CineTel Films, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 554 (D. Md. 2012).

[38]/*Id.*

-7-

Case Nos.  1:13-CV-396
Gwin, J.

process and litigate the claims."[39]  This unseemly practice is made worse by the frequent practice of joining hundreds or thousands of defendants in a suit, saving Plaintiff thousands of dollars in filing fees.  It is in this environment where courts must take every caution to ensure that the keys to the doors of discovery are not blithely given to parties with other intentions.

Regardless of the dubious practices of others, Plaintiff may have legitimate claims which deserve litigation.  Nevertheless, unnamed Defendants are improperly joined, and in order to continue with their actions, Plaintiff will need to pay the requisite filing fee per suit.[40]  Otherwise, Plaintiff has saved $8400 by consolidating its claims into one action.  If Plaintiff seeks to use the powers of this Court to vindicate its rights, it must pay the requisite fees like every other plaintiff.

III. Conclusion

For the foregoing reasons, this Court hereby SEVERS Plaintiff's claims.  Further, the motion for leave to take discovery prior to the Rule 26 conferences is DENIED AS MOOT.  Plaintiff is requested to notify the Court as to which John Doe Defendant shall remain in this case.

IT IS SO ORDERED.


Dated: April 10, 2013                                    s/      *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE

---

[39]/*Third Degree Films v. Does 1-47*, 286 F.R.D. 188, 190 (D. Mass. 2012).

[40]/*Id.* at 199 ("Requiring Plaintiff to pay a filing fee for each defendant may help ensure Plaintiff is suing the Doe defendants for a good faith reason, that is, to protect its copyright and litigate its claim, rather than obtain the defendants' information and coerce settlement with no intent of employing the rest of the judicial process.").